**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AMOS HOU, ) | |
| ) | |
| ) | |
| Plaintiff, ) | No. 15 C 08420 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| ) | |
| BULGARI, S.p.A. and ) | |
| GREER, BURNS & CRAIN, LTD., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Amos Hou, a Chinese national who runs a website that, according to him, resells used internet equipment out of Guangzhou, China, brings this action against an Italian company, Bulgari, S.p.A., and the law firm of Greer, Burns & Crain, Ltd. R. 16, Second Am. Compl.[1] Hou alleges that his PayPal account was improperly restrained and transferred under a default judgment order issued in favor of Bulgari in a trademark infringement action that Bulgari brought against several foreign online retailers. *See* Complaint, *Bulgari, S.p.A. v. Zou Xiaohong et al.*, No. 15-cv-5148 (N.D. Ill. June 11, 2015) (Docket No. 1). Greer, Burns & Crain, Ltd. represented Bulgari in that infringement case. R. 18, Def.'s Resp. Juris. Statement at 2. Hou now requests that his PayPal account be restored, that Bulgari

---

[1]Citations to the record are "R." followed by the docket number then the page or paragraph number.

return the funds from that account to him, and that he be awarded $10,000 in damages. Second Am. Compl.

After reviewing the original and amended complaints in this case [R. 1; R. 2], the Court issued a jurisdictional inquiry [R. 9] in which it ordered Hou to explain why this case should not be dismissed for lack of subject matter jurisdiction. Both Hou and Greer, Burns & Crain then filed jurisdictional statements. R. 17; R. 18. For the reasons explained below, the Court concludes that it lacks subject matter jurisdiction over the case. Accordingly, Hou's case is dismissed.

**I. Background**

In June 2015, Bulgari brought suit against several foreign online retailers, alleging that those retailers had infringed on Bulgari's trademarks by selling counterfeit goods. Complaint, *Bulgari, S.p.A. v. Zou Xiaohong et al.*, No. 15-cv-5148 (N.D. Ill. June 11, 2015) (Docket No. 1). Bulgari sought both statutory damages and injunctive relief. *Id.* at 19-20. That case was heard by another judge of this Court.

The Court there exercised jurisdiction over the defendant online retailers and granted Bulgari a temporary restraining order (TRO). Order, *Bulgari, S.p.A. v. Zou Xiaohong et al.*, No. 15-cv-5148 (N.D. Ill. June 17, 2015) (Docket No. 17). The TRO ordered, among other things, that PayPal, Inc. locate, restrain, and enjoin all accounts and funds connected to the defendants and their online stores. TRO, *Bulgari, S.p.A. v. Zou Xiaohong et al.*, No. 15-cv-5148 (N.D. Ill. June 17, 2015) (Docket No. 20). Relevant to the present case, PayPal identified the account "houcj08@126.com" as being associated with the defaulting defendants and froze it.

R. 18, Exh. 1, Gaudio Declaration ¶ 3. The account had just under $18,000 in it at the time. *Id.* The Court then entered final judgment against the defaulting defendants and awarded Bulgari $2,000,000 in statutory damages from each defaulting defendant. Final Judgment Order, *Bulgari, S.p.A. v. Zou Xiaohong et al.*, No. 15-cv-5148 (N.D. Ill. June 17, 2015) (Docket No. 43). As partial payment of the damages amount, the Court ordered that all funds restrained by PayPal be released to Bulgari, including the funds in "houcj08@126.com." *Id.*

Hou, who was not a party in the trademark infringement litigation, then filed this lawsuit in September 2015, alleging that he is the rightful owner of "houcj08@126.com" and seeking the return of his funds. R. 1 (Original Compl.); R. 2 (First Am. Compl.). Hou alleges that he operates a website out of China that resells used "Internet access, routing, and other technical equipment." Second Am. Compl. ¶ 4. According to Hou, he first learned of the Bulgari suit when one of his customers found Hou's PayPal account to be unusable. *Id.* ¶ 5. Hou states that he has never lent his PayPal account to anyone or given out his password, and that before learning of Bulgari's suit, he had never heard of the foreign online retailer with which he was supposedly associated. *Id.*

In his original and amended complaints, Hou did not make any specific legal claims, other than to challenge the seizure of his account. R. 1; R. 2. He did, however, request that his account be restored, that the funds from his account (between $14,000 and $18,000) be returned to him, and that he be awarded $10,000 in damages for the interruption caused to his business by the freezing of his

3

account. R. 2, First Am. Compl. at 3. But, as this Court noted in its October 2015 order [R. 9], without notice of what *legal* claim Hou was actually asserting, it was not possible to determine whether there was subject matter jurisdiction over Hou's case. Accordingly, the Court ordered Hou to submit a jurisdictional statement identifying his claims and addressing why his case should not be dismissed for lack of subject matter jurisdiction. R. 9 at 2.

Hou then filed a second amended complaint as well as a jurisdictional statement, alleging that this Court has subject matter jurisdiction over Hou's case under 28 U.S.C. § 1338(a), because this action relates to the federal trademark laws. Second Am. Compl. ¶ 2; R. 17, Pl.'s Juris. Statement. Greer, Burns & Crain then filed its own jurisdictional statement, contesting whether the trademark laws establish a basis for this Court's jurisdiction, and requesting that this Court dismiss Hou's case against all defendants—Greer, Burns & Crain and Bulgari—and that the Court award attorney's fees and costs to Greer, Burns & Crain "to deter Hou and its counsel from bringing such frivolous actions." R. 18, Def.'s Resp. to Juris. Statement at 1.

## II. Jurisdictional Analysis

Under Federal Rule of Civil Procedure 12(h)(3), a court must dismiss any action for which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also* Fed. R. Civ. P. 12(b)(1); *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). A court may (and, really, *must*) on its own raise the issue of its subject matter jurisdiction "at any time and at any stage of the proceedings." *Craig v. Ontario*

*Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (internal quotation marks omitted). Once a court has reason to believe that a jurisdictional issue exists, it must resolve the issue before proceeding to the merits, "even if the defendant … does not press the issue." *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998). In determining whether it has subject matter jurisdiction, the Court accepts "as true all facts alleged in the [plaintiff's] well-pleaded complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

As a threshold matter, the parties do not suggest that diversity jurisdiction is present here; and for good reason. Hou requests only that the funds contained in his account (between $14,000 and $18,000) be returned to him and that he be awarded $10,000 in damages. Second Am. Compl. at 3-4. This puts the amount-in-controversy in this case well below the $75,000 threshold required to confer diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

In the absence of diversity jurisdiction, federal jurisdiction is generally proper only where the plaintiff's cause of action arises under the laws of the United States. *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). Hou asserts that his case arises under 28 U.S.C. § 1338(a), because his claim relates to the federal trademark laws. Second Am. Compl. ¶ 2; Pl.'s Juris. Statement at 1. But that is too expansive a view of § 1338(a). Section 1338(a) confers original jurisdiction to the district courts "over any civil action arising under any Act of Congress relating to patents, … copyrights and trade-marks." A case "arises under"

5

the federal trademark laws for purposes of § 1338 only when federal trademark law "creates the cause of action" or when the "plaintiff's right to relief necessarily depends on resolution of a substantial question" of federal trademark law, meaning trademark law "is a necessary element of one of the [plaintiff's] well-pleaded claims." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808 (1988) (discussing § 1338's arising under jurisdiction for patent); *see also Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 623 F.3d 61, 69-70 (2d Cir. 2010). In this case, Hou's claim is not derived from federal trademark law, nor is Hou disputing the meaning or application of a federal trademark law. In fact, Hou is not even challenging the validity of Bulgari's trademarks, whether the defendants infringed those trademarks, or whether Bulgari's default judgment order is valid. Hou is simply alleging that his PayPal account was improperly associated with the counterfeiting scheme and improperly attached to the default judgment order issued in the Bulgari case. Because Hou's right to relief does not at all turn on the resolution of questions under the trademark laws, Hou's claim cannot be said to arise under the federal trademark laws. Accordingly, Section 1338(a) does not confer subject matter jurisdiction on this Court.

Other than pointing to § 1338(a), Hou makes no other suggestions on how this Court might have subject matter jurisdiction over his claim. In the absence of diversity jurisdiction, and without a federal cause of action, this Court is without jurisdiction to hear Hou's complaint. Although it might seem odd, at first glance, that this Court cannot hear Hou's claim, which challenges whether property was

6

properly attached to a *federal* court judgment, that is not to say that *all* federal forums are unavailable to Hou. The better route for Hou to take would be to challenge the attachment in the federal case that rendered the default judgment and that authorized the attachment of Hou's PayPal account to that judgment. Here, that would be Bulgari's trademark infringement case. Although Hou might not be able to "intervene" in that infringement case pursuant to Federal Rule of Civil Procedure 24, *see Chrome Hearts LLC v. P'ships and Unincorporated Assocs. Identified on Schedule "A"*, 2015 WL 5307609, at *2-4 (N.D. Ill. Sept. 9, 2015); *Manolo Blahnik Int'l, Ltd. v. P'ships and Unincorporated Assocs. Identified on Schedule "A"*, No. 14-cv-9752 (N.D. Ill. April 22, 2015) (Docket No. 75), he probably does not need to intervene as a *party*. As noted above, Hou is *not* challenging the default judgment order that was issued in that case—instead, Hou is merely challenging whether his PayPal account was properly seized for collection on that judgment. In other words, he is challenging how the judgment was executed—not the judgment itself. The better procedural mechanism for Hou to rely on here is Federal Rule of Civil Procedure 69(a). *See Wyatt v. Syrian Arab Republic*, 800 F.3d 331, 337 (7th Cir. 2015) (noting that although Rule 24 intervention "is ordinarily the proper path to assert rights in a federal civil case to which one is not yet a party[,] [t]here are a few exceptions," including Rule 69).

Specifically, Rule 69(a) details the procedures by which a federal court may enforce (that is, execute) its money judgment. *See* Fed. R. Civ. P. 69(a). It provides that in the absence of an applicable federal statute (which we do not have here),

7

post-judgment collection proceedings are governed by the law of the state in which the federal court issuing the judgment is located—in this case, Illinois. *Mendez v. Republic Bank*, 725 F.3d 651, 662 n.6 (7th Cir. 2013); Fed. R Civ. P. 69(a)(1) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Relevant here, as part of its post-judgment supplementary proceedings, Illinois law gives adverse claimants—like Hou—the right "to appear and maintain his or her right." 735 ILCS 5/2-1402(g) ("If it appears that any property, chose in action, … or any interest therein, is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right."); *see also Wyatt*, 800 F.3d at 337. These adverse claimant proceedings are treated like garnishment proceedings. *See* 735 ILCS 5/2-1402(g); *Wyatt*, 800 F.3d at 337-38. And crucial here, federal courts maintain ancillary jurisdiction (that is, ancillary to the case in which the judgment was entered) over such enforcement proceedings. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996) ("We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments."); *Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016, 1020 (7th Cir. 1995) ("In federal practice, garnishment to collect a judgment is not—at least, need not be—an independent suit. It is part of the main action, prosecuted under Fed. R. Civ. P. 69

8

by virtue of the supplemental jurisdiction."); *see also Yang v. City of Chicago*, 137 F.3d 522, 524-25 (7th Cir. 1998); *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996). Thus, it would appear that Hou *could* challenge the attachment of his PayPal account to Bulgari's default judgment order by bringing a supplementary proceeding in the original trademark case through a Rule 69(a) motion.[2] If Hou were to do so, his claim probably would no longer be viewed as an independently presented claim requiring a separate basis for subject matter jurisdiction, but rather would be viewed as a claim incident to the original trademark case over which the Court already has subject matter jurisdiction. *See Ortman v. Stanray Corp.*, 371 F.2d 154, 157 (7th Cir. 1967) (under ancillary jurisdiction, "a district court acquires jurisdiction of a case or controversy as an entirety, and may, as an incident to disposition of a matter properly before it, possess jurisdiction to decide other matters raised by the case of which it could not take cognizance were they independently presented."); *see also Peacock*, 516 U.S. at 356 ("[W]e have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances."). Think of it this way: it is not unusual for an asset holder to resist a judgment creditor's attempt to seize the asset to collect on a judgment, and in those instances, the asset holder litigates

---

[2]Hou's ability to bring such a claim would also presumably hinge on whether Hou has satisfied the requirements outlined in Illinois law for such claims. *See, e.g.*, 735 ILCS 5/2-1402(g) (addressing the ability of third parties to bring post-judgment adverse claims); 735 ILCS 5/12-710 (addressing adverse claims in garnishment proceedings). This Court makes no determination on this point.

the issue in the case in which the judgment is being enforced. That is Hou's situation.[3]

It is true that Hou's position is rather unique. Although there is little doubt that Rule 69(a) may be used by a judgment *creditor* "to collect a judgment from a third person not party to the original lawsuit," *Yang*, 137 F.3d at 526, arguably Hou is differently situated because he is the claimant of property that has been executed against, rather than the judgment creditor. *See Degorski v. Wilson*, 2015 WL 6701753, at *3 (N.D. Ill. Nov. 2, 2015) (making note of the same distinction); *see also Peacock*, 516 U.S. at 357 (noting that a federal court's ancillary jurisdiction does not "extend[] beyond [a court's] attempt[] to execute, or to guarantee eventual executability of[] a federal judgment"). But the case law does say that ancillary jurisdiction extends to those supplementary proceedings that accord with state procedure and practice, *see Yang*, 137 F.3d at 525, and 735 ILCS 5/2-1402(g) is certainly identified as a supplementary proceeding under Illinois law. Indeed, nothing in Rule 69(a) suggests that the rule incorporates only the enforcement procedures that benefit the judgment creditor, and somehow does not incorporate the procedures that protect claimants (like Hou) of property that a judgment creditor seeks to obtain in collecting on a judgment.

---

[3] This is assuming Hou's claim is not considered a separate lawsuit from the judgment collection, which it does not appear to be. *See Yang*, 137 F.3d at 526 ("We therefore reiterate that the law of this circuit is that a Rule 69 garnishment proceeding to collect a judgment from a third person not party to the original suit is within a court's ancillary jurisdiction, provid[ed] the additional proceeding does not inject so many new issues that it is functionally a separate case." (internal quotations omitted)).

In any event, regardless of what would happen in the initial Bulgari infringement case, what is clear is that ancillary jurisdiction does not exist in *this* case, at least not as Hou has filed it. *Peacock*, 516 U.S. at 355 ("In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction."). If Hou wishes to keep his claim in federal court, he should get himself in front of the judge that entered the order in the Bulgari infringement case, and he would be wise to do so quickly.

### III. Conclusion

Because this Court lacks subject matter jurisdiction over Hou's case, it must be dismissed.[4]

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 1, 2015

---

[4] The Court separately notes that because it only asked the parties to address the question of this Court's subject matter jurisdiction, the Court will not address Greer, Burns & Crain's argument that the underlying claim has no merit and that the defense should be awarded attorney's fees and costs. *See* Def.'s Resp. to Juris. Statement at 4-7. This argument might properly be brought in a motion to dismiss (as opposed to a response to a jurisdictional inquiry), but the jurisdictional determination must come before the merits determination, so the Court will not address it.